**VAUGHAN v. CAREY, Collector of Internal Revenue.**

**RAMSEY v. CAREY, Collector of Internal Revenue.**

**Civ. Nos. 25851, 25852.**

United States District Court, N. D. Ohio, E. D.

Dec. 13, 1949.

Howard M. Kohn, M. R. Schlesinger, Grossman, Schlesinger & Carter, Cleveland, Ohio, for plaintiff.

Don C. Miller, Dist. Atty., Cleveland, Ohio, for defendant.

JONES, Chief Judge.

These two cases were consolidated for the purpose of trial because they each involve the same questions and are directed to the same remedy.

Each of the plaintiffs, members of a partnership, filed individual income tax returns for the year 1944 including as income their respective distributions received from the profits of the partnership, on the basis of their participating interests.

The Internal Revenue agent who considered and audited the returns made an adjustment in each case, the result of which was to add to their individual income returns the distributive share of the partnership profits received by their respective wives, and additional taxes against each of the plaintiffs were made the subject of subsequent deficiency assessments by the Commissioner of Internal Revenue. The additional taxes were paid, refund was denied, and these actions were commenced by the plaintiffs to recover such additional taxes assessed and paid.

It does not seem necessary to recite the facts developed in evidence at trial with

which the parties and the defendant Collector are familiar. It will be sufficient to set down my reactions and conclusions.

The matter was submitted upon oral argument.

Prompt decision while the evidence and impressions are fresh in mind will be beneficial to the parties as well as to the Court. The single question upon which decision turns is whether there was a real or genuine partnership which included the wives of these plaintiffs as participating members. If there was, the additional taxes imposed against the plaintiffs were illegally assessed and collected.

In his opening statement counsel for the Government presented the suggestion or contention that the meticulous care with which the taxpayers' records had been kept of their relationship and financial transactions raised or tended to raise or support a probative inference, or that it was some evidence, of a plan or attempt to avoid or to save taxes, particularly since the members of the families were interested and participated. This struck me as a novel suggestion since usually the taxing authorities advise taxpayers that the more complete records that are kept and the more facts and data that are furnished to support the income returned to the Collector the better able are the tax agents to determine the true income or the accuracy of the tax as computed by the taxpayer.

From the evidence it seemed to me that Mrs. Vaughan, if not a dominant, was certainly an active and influential member of the partnership. The same status can be attributed and accredited to Mrs. Ramsey although perhaps not to the full extent as to Mrs. Vaughan.

True it is that family transactions in respect of potential tax liabilities, as in the case of intra-family gifts or transactions as they may be affected by the close intervention of bankruptcy, are to be carefully scrutinized, but if such transactions or business relationships are found to have been made in good faith and it is further found that the relationship is in reality what it purports to be, the taxing authorities are bound by it.

On the basis of the evidence before me there is no more reason for denying Mrs. Vaughan partnership status than for conceding Mr. Vaughan's partnership status. I think her capital investment was as bona fide as was his. He does not appear actively to have participated to any greater extent in the affairs and management of the partnership than Mrs. Vaughan. Unless we hold that plaintiff Vaughan in truth and in fact held a one-half part of his financial investment in his wife's name, he contributed no more, and probably something less, than his wife did in the management and affairs of the partnership.

The same may be said in respect of the Ramseys, and carried to its ultimate conclusion the defendant's contention here seems to be that plaintiff Vaughan loaned money to Mr. and Mrs. Ramsey to invest in the partnership and to share in the profits so that he, Vaughan, could save taxes for himself.

The Government offered the testimony of Ralph Quail, a former and original partner, to rebut or refute the evidence tendered by the plaintiffs in support of their partnership claims. Quail had a ten percent interest and kept the books of the partnership during his spare hours after and away from his regular employment nearby with United States Rubber, as Property Manager. His testimony was directed largely to the lack of participation of the plaintiffs' wives in partnership meetings and business. He stated that he attended a majority of the meetings and that the wives of the plaintiffs attended few. Also, it was his opinion that they not only did not participate in those meetings which he attended but that he did not believe them capable of knowing anything about the business affairs of the partnership. Frankly, I was not impressed with his opinion and judgment of the capacity and knowledge of the plaintiffs' wives but in any event, on cross examination, he did concede that the plaintiffs' wives participated in the engagement of experts and in securing additional equipment for the business. This, it seems to me, corroborates the plaintiffs' evidence rather than refuting it.

Mr. Sharp, formerly in the local Collector's office, testified that in a conference with attorney Schlesinger, representing the plaintiffs, he, Schlesinger, stated that he regarded capital contribution as the wives' principal participation, and that he, Schlesinger, responded affirmatively when asked by Sharp whether the purpose of the partnership was not for tax avoidance. This response had previously been denied by Schlesinger from the witness stand.

It would be extremely unjust and contrary to all rules of evaluating and weighing evidence to deny recovery here on Mr. Sharp's rather vague and uncertain statement of what Schlesinger responded.

It is unthinkable that Mr. Schlesinger, as counsel for the plaintiffs, betrayed his clients' interests by conceding in the Collector's office, in conference, that the partnership was designed as a tax avoidance arrangement.

There is no inherent wrong or illegality in an effort to save taxes. The motive for gifts may be to save taxes, without objection, if not given in contemplation of death; living trusts may have tax saving features and do; Congress recently has made it possible to save income and estate taxes by the fiction of community property as between husband and wife. Thus, if a legitimate use of a bona fide and genuine arrangement is made, even though for the purpose of saving taxes, I do not see why it should be condemned.

On the facts, this case is stronger for a partnership in which both Mrs. Vaughan and Mrs. Ramsey were partners than the Culbertson family partnership considered in the recent Supreme Court decision cited, C. I. R. v. Culbertson, 337 U.S. 733, 69 S. Ct. 1210. These cases also are considerably different on the facts than the Culbertson case. Without the sons of Culbertson senior as partners there was no partnership; here there was a partnership and the Collector has recognized a partnership as between the two plaintiffs and Quail but seeks to except from membership the wives of the two plaintiffs.

It is realized that the burden is upon the plaintiffs in each of the cases to establish the fact of a real and valid partnership in which their respective wives were members, and, therefore, that they are entitled to the income tax status asserted. There is no burden upon the Collector in any respect.

The appearance of the plaintiffs and their wives on the witness stand; their apparent complete candor and intelligent responses to all matters touching the partnership transactions and relationship have impressed me as to the truthfulness of their testimony and as to the sincerity of their acts and intentions to form a bona fide partnership, and of their actual participation therein.

I think that a partnership including the plaintiffs' wives was intended to be formed, that it was a real partnership of which the wives of the plaintiffs were bona fide members, and that their participation by means of individual capital investment and the exercise of opinion as to policies and personal attention to the affairs of the partnership business to the extent shown in this evidence, fulfills the test laid down by the Supreme Court in the cases relied upon by both plaintiffs and the defendant. There is nothing in the evidence of acts or circumstances before or after the partnership arrangement inconsistent with or contrary to the genuine character of the partnership and the integrity of the intentions of the parties in respect thereto. To infer, contend, or hold that these two wives were dummies, or partners in name only, is to disregard or reject as untruthful their frank responses to questions and to ignore their apparent intelligent understanding of the business in which they participated as actual partners.

If these two plaintiffs previously had been engaged in an exceedingly profitable enterprise and in order to avoid the higher tax brackets, brought their wives, together with another, into a nominal partnership with no genuine participating interest in the wives, I could see some possible basis for an adjustment of income and a deficiency assessment; but here these parties were engaged in a new and untried venture, at the inception of which there was no assurance whatever that there ever would be

any profit or tax liability. This, it seems to me, well illustrates the Court's position that there could have been no purpose here, and I hold there was no such purpose, of a device for avoiding or saving taxes such as is claimed by the Government.

The adjustment of the plaintiffs' net income by the Revenue Agent and the subsequent assessment of the deficiency by the Commissioner resulted in a tax liability in each case not warranted by the facts and became an unlawful exaction of taxes for the year in question.

It is my opinion that the partnership asserted fulfills the requirements of the law and that each of the plaintiffs is entitled to judgment for the respective amount illegally assessed and collected.

Findings and conclusions in accordance herewith may be prepared and submitted for adoption by the Court and after opportunity for objection thereto by the defendant an entry of judgment for each of the plaintiffs may be presented in accordance therewith.